**The below described is SIGNED.**



**Dated: March 29, 2013**

R. KIMBALL MOSIER
U.S. Bankruptcy Judge

---

PREPARED BY
Paul Toscano (Utah Bar #3280)
PAUL TOSCANO, P.C.
10542 South Jordan Gateway #300
City of South Jordan, UT 84095
Phone: (801) 359-1313
Facsimile (877) 643-6197
Email: ptoscano@expresslaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re: | Case No.: 12-25017 RKM |
|---|---|
| TERRY & CRYSTAL EVANS | Chapter: 11 |
| Debtors | FILED ELECTRONICALLY |
|  |  |

**FINDINGS OF FACT IN SUPPORT OF CHAPTER 11 PLAN CONFIRMATION**

On February 14, 2013, debtors-in-possession Terry and Crystal Evans (hereinafter "Debtors" or "DIPs") filed their Motion for Confirmation of their Proposed Chapter 11 Plan ("Motion), which Proposed Plan (the "Plan") is predicated upon the Court-approved Disclosure Statement and Exhibits circulated with the Plan and Exhibit to all parties on the matrix of this case on February 14, 2013. Hearings on the Motion were scheduled and held.

Having examined the Ballot Register, having determined that the Notice of Hearing on the Motion and the service thereof on parties in interest are adequate, and having heard the

proffer of the Debtor Terry Evans as to the value of the DIPs' residential real property located at 316 Deer Crest Lane Alpine, UT 84004 as well as the representations and arguments of counsel for the DIPs and of counsel for Bullett Electric, Inc. and TG Bullett Audio & Visual, LLC, the COURT HEREBY MAKES AND ENTERS the following Findings of Fact:

1) Only one proposed Plan (the "Plan") has been submitted to the Court for confirmation.

2) The Plan has not been proposed for the principal purpose of the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933:

3) This is not a small business Chapter 11 case.

4) The residential real property of the DIPs located at 316 Deer Crest Lane Alpine, UT 84004 (the "Residence") has a current value in excess of $1,450,000.00, based upon the estimate of Terry Evans; therefore, the 1st and 2nd Trust Deeds encumbering the Residence as well as the liens of Bullett Electric, Inc. and TG Bullett Audio & Visual, LLC are fully secured.

5) The Plan meets all the requirements of 11 U.S.C. §1129(a), except for the provisions of 11 U.S.C. 1129(a)(8) with respect to the objecting parties Bullett Electric, Inc. and TG Bullett Audio & Visual, LLC (the "Objecting Parties").

6) Notwithstanding that the Plan does not comply with 11 U.S.C. 1129(a)(8) with respect to the Objecting Parties, the Court finds that the Plan

nevertheless meets the requirements of 11 U.S.C. 1129(b) in that all the applicable requirements of subsection §1129(a) of this section other than paragraph (8) have been met with respect to a Plan and that the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under and that has not accepted the Plan; specifically for the reason that, as required by 11U.S.C. §1129(b)(2):

a. With respect to the Objecting Parties secured claims
    i. The Objecting Parties secured claims are fully secured by the equity in the Residence;
    ii. The Objecting Parties will continue to retain the liens securing such claims to the extent of the allowed amount of their secured claims whether the property subject to such liens is retained by the DIPs or transferred to another entity; and
    iii. The Objecting Parties will receive on account of such claims deferred cash payments (consisting of principal and interest payments as determined by the Court) totaling at least the allowed amount of such claim, of a value, as of the effective date of the Plan, of at least the value of such holder's interest in the estate's interest in such property;
    iv. The Plan does not contemplate the sale of the Residence that secures the claims of the Objecting Parties; however, any such

      sale would be a sale free and clear of liens with liens to attach to the proceeds of that sale, subject to 11 U.S.C. § 363.

b.  With respect to the class of unsecured claims, the Plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the Plan, equal to the allowed amount of such claim; or the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the Plan on account of such junior claim or interest any property, except that in this case, in which the DIPs are individuals, the DIPs may retain property included in the estate under 11 U.S.C. § 1115, subject to the requirements of 11 U.S.C. §1129(a)(14).

c.  With respect to the class of interests the Plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the Plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest; or the holder of any interest that is junior to the interests of such class will not receive or retain under the Plan on account of such junior interest any property.

    ---END OF DOCUMENT---